# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

Lyle W. Cayce
Clerk

No. 11-41241
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

GABINO REYES-SERNA, also known as Jose Reyes, also known as Gabino
Reyes, Jr.,

                              Defendant-Appellant

Cons. w/ No. 11-41242

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee

v.

GABINO REYES-SERNA,

                              Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-643-1
USDC No. 2:11-CR-919-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gabino Reyes-Serna appeals the sentences imposed (1) following his guilty plea for illegal reentry and (2) on the revocation of his supervised release. On the illegal reentry conviction, the district court sentenced Reyes-Serna to a 30-month prison term to be followed by three years of supervised release, and on revocation of the prior term of supervised release, it imposed a 14-month prison sentence to be followed by an additional 12-month term of supervised release.

Reyes-Serna challenges the terms of supervised release as procedurally and substantively unreasonable. Specifically, he argues that the district court erred procedurally in his illegal reentry case by failing to give notice that it was departing from the Guidelines and, in both cases, by failing to explain its decision to impose supervised release notwithstanding that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). He also asserts that the district court imposed substantively unreasonable sentences because it failed to account for this guideline.

As Reyes-Serna failed to object to the procedural reasonableness in either case, our review is limited to plain error. See United States v. Dominguez-Alvarado, 695 F.3d 324, 327 (5th Cir. 2012); United States v. Whitelaw, 580 F.3d 256, 259-60 (5th Cir. 2009). To succeed under this standard, he must show an error that is clear or obvious and that affects his substantial rights, but even so, we generally will exercise our discretion to correct the error

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  Puckett v. United States, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted).

At sentencing, the district court noted Reyes-Serna's criminal history, explained that the sentences were warranted under the 18 U.S.C. § 3553(a) sentencing factors and were necessary to protect the public, and emphasized to Reyes-Serna that he was not welcome in the United States.  As the district court's particularized statement was sufficient to justify the imposition of supervised release in both cases, it did not plainly err in imposing such terms . See Dominguez-Alvarado, 695 F.3d at 330; accord § 5D1.1, comment. (nn.3(A),(B), 5).

Moreover, the term of supervision that the district court imposed for the illegal reentry conviction was within the statutory and guidelines range for his offense of conviction.  Therefore, it was not a departure, and no notice requirement was triggered.  See Dominguez-Alvarado, 695 F.3d at 329.

Reyes-Serna did object in the district court that his sentences were substantively unreasonable. The three-year term of supervised release that the district court imposed as part of the illegal reentry sentence was within the guidelines range and thus is presumed reasonable.  See Dominguez-Alvarado, 695 F.3d at 329; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  We infer that the district court considered all pertinent sentencing considerations in imposing the sentence.  See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).  Reyes-Serna has not overcome this presumption, especially in light of the district court's adoption of the presentence report, which expressly stated that a deportable alien ordinarily should not receive a term of supervised release.  Accordingly, the district court did not abuse its discretion in imposing a term of supervised release.  See Gall v. United States, 552 U.S. 38, 51 (2007).

As for the substantive reasonableness of the revocation sentence, we generally consider such a sentence substantively reasonable if it falls below the statutory maximum sentence, as did Reyes-Serna's 12-month term. See Whitelaw, 580 F.3d at 265. Reyes-Serna offers no compelling reason to treat his situation differently. Accordingly, he has not shown that his revocation sentence is plainly unreasonable. See United States v. Miller, 634 F.3d 841, 843 (5th Cir.), cert. denied, 132 S. Ct. 496 (2011).

The judgments of the district court are AFFIRMED.