**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2013

Lyle W. Cayce
Clerk

No. 12-50520
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODGER GEOVANNY KELLY-AGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1662-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Rodger Geovanny Kelly-Aguirre pleaded guilty to illegal reentry and received a sentence of 41 months in prison, to be followed by a three-year term of supervised release. He appeals, asserting that his sentence is unreasonable because the court imposed a term of supervised release notwithstanding § 5D1.1(c) of the Sentencing Guidelines, which provides that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and [] defendant is a deportable alien who likely will be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deported after imprisonment." Because Kelly-Aguirre did not object to the imposed sentence, he is entitled only to plain error review. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012). To establish such an error, Kelly-Aguirre must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court was aware of the provisions of § 5D1.1(c) because they were provided in the presentence report, which the court adopted. Although Kelly-Aguirre asserts that the court failed to explain its imposition of supervised release, the court made statements at sentencing addressing Kelly-Aguirre's criminal history and indicating a need to protect the public. *See Dominguez-Alvarado*, 695 F.3d at 329-30. Thus, Kelly-Aguirre has not shown that the district court committed a procedural error at sentencing. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Additionally, Kelly-Aguirre fails to show error with regard to the substantive reasonableness of his sentence. *See id.* The court's statements at sentencing provided support for the imposed term of supervised release. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Kelly-Aguirre correctly asserts that § 5D1.1(c) advises that "ordinarily" supervised release should not be imposed where, as here, a defendant is apt to be deported after he serves his prison sentence, "the court should [] consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection." § 5D1.1, comment. (n.5).

Kelly-Aguirre has not presented a clear or obvious error affecting his substantial rights. *See Puckett*, 556 U.S. at 135. Consequently, the judgment of the district court is AFFIRMED.