# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60698
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BOBBIE LOUIS SANDFORD, also known as Bobby Louis Sandford, also known as Bobby Sanford, also known as Bobby Lewis Sanford, also known as Bobby Louis Sanford,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CR-63-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bobbie Louis Sandford pleaded guilty to one count each of wire fraud and money laundering, in violation of 18 U.S.C. §§ 1343, 1956. As part of the fraudulent scheme, which spanned many years, Sandford convinced two victims with whom he had been friends to give him approximately $489,000. Sandford's advisory-Sentencing Guidelines imprisonment range was 41–51

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

months, but the district court varied upward and sentenced him to concurrent 120-month terms and concurrent three-year supervised-release periods.  The court also imposed a special supervised-release condition:  the probation officer, upon reasonable suspicion Sandford had violated a term of his supervised release, could search Sandford's "person, property, house, residence, vehicle, papers, computers . . . , other electronic communications or data storage devices or media, or office".

Sandford claims procedural error and substantive unreasonableness for his sentence, including challenging the special condition.  Along that line, although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In claiming procedural error, Sandford maintains the district court failed to adequately explain the sentence.  Because Sandford did not raise this issue in district court, review is only for plain error. *E.g., United States v. Whitelaw*, 580 F.3d 256, 262 (5th Cir. 2009).  Under that standard, Sandford must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Based on our review of the record, the district court carefully considered the evidence before it, evaluated the parties' sentencing claims, and had a

reasoned basis for exercising its decisionmaking authority. *E.g., Rita v. United States*, 551 U.S. 338, 356–59 (2007); *United States v. Diaz*, 714 F.3d 289, 293–95 (5th Cir. 2013). Sandford has not shown the requisite clear or obvious error.

In claiming his 120-month sentence is substantively unreasonable, Sandford asserts the court: improperly found his victims were vulnerable during the course of the fraudulent scheme; gave too much weight to his demonstrated propensity for fraudulent behavior; and did not give enough weight to all of the good deeds he had done. The district court acknowledged the imposed sentence was severe, but nevertheless determined it was appropriate and necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). It goes without saying that the sentencing court is in a better position to make such a determination. *Diaz*, 714 F.3d at 295 (citation and internal quotation marks omitted). Considering the totality of the circumstances, the district court did not abuse its discretion. *E.g., United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013).

For Sandford's challenge to the special condition as it relates to "computers, electronic communications devices, and data storage devices or media", review is for abuse of discretion. *United States v. Salazar*, 743 F.3d 445, 447 (5th Cir. 2014). Because nothing in the record indicates Sandford used a computer or other electronic device to commit his offenses, he maintains the condition does not reasonably relate to the nature and circumstances of his offense or his personal history and characteristics, and is thus impermissible.

The condition is, however, reasonably related to the sentencing goals of deterring future criminal conduct and protecting the public from Sandford's future crimes. *See* 18 U.S.C. §§ 3583(d)(1); 3553(a)(2)(B), (a)(2)(C). Sandford has not established the district court abused its discretion in imposing this

No. 13-60698

condition.  *E.g., United States v. Ellis*, 720 F.3d 220, 225–27 (5th Cir.), *cert. denied*, 134 S. Ct. 681 (2013).

AFFIRMED.