# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2015

No. 14-51342
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LANDON TREVOR ANDERSON, also known as Donnie Lee Griffin,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-926-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Landon Trevor Anderson was convicted of escape and received a within-guidelines sentence of 30 months of imprisonment followed by a three-year term of supervised release. On appeal, he argues that the district court erred by imposing a supervised release condition which would allow a probation officer to search Anderson, his residence, and his effects "at a reasonable time and in a reasonable manner."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51342

Because Anderson failed to object below, review is for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To demonstrate plain error, Anderson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In *United States v. Knights*, 534 U.S. 112, 114, 121 (2001), the Supreme Court upheld a warrantless search which was conducted pursuant to the terms of the defendant's state probation where law enforcement had reasonable suspicion that criminal activity was occurring. The Court subsequently held in *Samson v. California*, 547 U.S. 843, 846 (2006), that a suspicionless search, conducted pursuant to a state statute which required that prisoners eligible for release on parole agree to be subject to a search regardless of whether law enforcement had a search warrant or cause, did not violate the Constitution.

Here, Anderson challenges a suspicionless search supervised release condition imposed following his conviction under federal law. We have never found that such a search condition violates the Fourth Amendment. Given that the "law is unsettled within the circuit, any error cannot be plain." *United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015).

AFFIRMED.