# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10851
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEVAUGHN D. ERWIN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-272-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jevaughn D. Erwin was convicted of conspiring to possess with the intent to distribute cocaine base, completed his sentence, and was released to serve a five-year term of supervised release on December 31, 2014. In 2015, his supervised release was mandatorily revoked. *See* 18 U.S.C. § 3583(e)(3) & (g)(1), (g)(3). After completion of an eight-month revocation sentence, he was released to serve 51 months of supervised release. He now appeals, contending

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that two of the special conditions of supervised release imposed by the district court are improper.

We agree, as the parties contend, that plain-error review applies in this case. "To prevail on plain error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights." *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). If those factors are established, we may exercise our discretion to correct such a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Erwin first challenges the special condition subjecting him to "the search of [his] premises, vehicle or person, day or night, with or without a warrant, at the request of the probation officer to determine the presence of controlled substances, firearms or any other contraband" and the seizure by the probation officer of any such items found. He contends that the condition is not reasonably related to the relevant 18 U.S.C. § 3553(a) factors, as required by 18 U.S.C. § 3583(d)(1); involves a greater deprivation of liberty than is necessary to achieve the goals of the § 3553(a)(2)(B)-(D) factors, violates § 3583(d)(2); deprives him of his Fourth Amendment right to be free from unreasonable searches and seizures; and is not supported by stated reasons.

Although the district court did not set forth findings to justify imposing this special condition, the court's reasoning can be inferred from an examination of the record. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015). As the record shows, Erwin was convicted of a drug-trafficking offense and had multiple drug-related supervised release violations. Thus, this special condition is reasonably related to the § 3553(a)(1) factor concerning the nature and characteristics of the offense and the defendant's history and characteristics. *See United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir.

2015) (indicating that a special condition must be related to at least one of the relevant § 3553(a) factors). Given that Erwin repeatedly violated six conditions during his first six months of supervised release, it is not clear or obvious that the warrantless and apparently suspicionless search condition is a greater deprivation of liberty than is necessary to achieve the goals of deterrence, public protection, and the provision of needed treatment. *See Fernandez,* 776 F.3d at 346; § 3553(a)(2)(B)-(D); *see also Walker*, 742 F.3d at 616.

Furthermore, "[t]he Supreme Court has rejected Fourth Amendment attacks upon search conditions, whether or not they relate to the underlying circumstances of the offense or the offender, on the basis of an offender's reduced expectation of privacy." *United States v. Winding*, 817 F.3d 910, 916 (5th Cir. 2016); *see Samson v. California*, 547 U.S. 843, 846 (2006). In light of the possibility that the Court eliminated the requirement of reasonable suspicion to search an individual on supervised release, *see United States v. Taylor*, 482 F.3d 315, 319 & n.2 (5th Cir. 2007), and given the fact that a warrantless and suspicionless search condition has never been found unconstitutional in this circuit, the district court's imposition of such a supervised release condition cannot be considered plainly erroneous. *See United States v. Anderson*, 620 F. App'x 365, 366 (5th Cir. 2015) (refusing to find suspicionless search supervised release condition plainly erroneous based on unsettled nature of relevant circuit law).[1]

Erwin next challenges the special condition requiring him to "participate in a victim awareness program as directed by the probation officer." Erwin does not assert that he has been, or is about to be, directed by his probation officer to participate in a victim awareness program, and he may never be so

---

[1] Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may nevertheless be persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

directed.  Erwin's challenge to this condition is thus not ripe for review.  *See United States v. Ellis*, 720 F.3d 220, 224, 227 (5th Cir. 2013) (holding that challenge to special conditions providing for sex offender and mental health treatment "as directed by the probation officer" that "may include" medication and psycho-physiological testing was not ripe for review because defendant "may never be subjected to such medication or testing"); *United States v. Tang*, 718 F.3d 476, 481, 485 (5th Cir. 2013) (holding non-mandatory condition not ripe for review and stating that defendant could petition district court for modification of condition if he were required to submit to such condition).

We therefore lack subject matter jurisdiction over Erwin's challenge to the special condition requiring his participation in a victim awareness program as directed by the probation officer.  *See United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016) (explaining that ripeness is component of subject matter jurisdiction).

In light of the foregoing, the judgment of the district court is AFFIRMED IN PART, and the appeal is DISMISSED IN PART for lack of jurisdiction.