# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60380

United States Court of Appeals
Fifth Circuit

**FILED**
April 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DONALD LEE HATHORN,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, SMITH, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Donald Hathorn violated his supervised release ("SR") by testing positive for drug use on multiple occasions. The district court revoked SR and imposed a special condition of SR that Hathorn challenges on appeal. We affirm.

I.

In 2010, Hathorn pleaded guilty of possession with intent to distribute five or more grams of cocaine base. The district court sentenced him to

No. 18-60380

106 months' imprisonment and 6 years' SR. As a result of changes to the Sentencing Guidelines that lowered the range for Hathorn's crime of conviction, his sentence was reduced to 74 months. *See* 18 U.S.C. § 3582(c)(2) (2012).

In May 2016, Hathorn was released from prison and began his SR. The next month, he tested presumptively positive for marihuana. The district court modified his supervision to require that he "submit [his] person, residence, vehicle, and office to a search, conducted by the U.S. Probation Office at a reasonable time, and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release." The court explained that the "condition would act both as a deterrent for possible future non-compliance and a valuable tool for the probation office if warranted." Hathorn agreed to the modification.

In October 2016, Hathorn again tested presumptively positive for drug use. Though he denied using cocaine, the lab results confirmed its presence. Hathorn agreed to a modification of SR that included participation in an inpatient drug treatment program.

Nevertheless, in November 2017, Hathorn tested positive for cocaine and methamphetamine, initially denying use but, when confronted with lab confirmation, admitting it. In March 2018, he tested positive for cocaine and again denied use, but lab results confirmed otherwise. Based on these violations of the conditions of SR, the probation office petitioned the court for a warrant to arrest Hathorn.

At his revocation hearing, Hathorn admitted the violations. When Hathorn's counsel asked the court to consider drug treatment in lieu of significant jail time, the probation officer replied that Hathorn "never once brought up any need for treatment, never once admitted to any of his positive

2

No. 18-60380

drug tests until we got lab confirmation[,] [and] [w]as not honest with [the probation office]." Therefore, "at th[at] point," the probation officer "fe[lt] like we need to control [Hathorn's] behavior."

After hearing from Hathorn, his counsel, and the probation officer, the district court determined that Hathorn had violated the conditions of SR. It revoked SR and sentenced him to six months' imprisonment to be followed by 42 months' SR and imposed a special condition of SR requiring that he "shall submit his person, residence, computers, cellular telephones, all other electronics and vehicles to searches by the United States Probation Officers, at any time, to be conducted in a reasonable manner, under reasonable suspicion of contraband or illegal activity."

Hathorn "object[ed] to the search condition with all the electronics" because it is "typically a special condition for sex offenders, and [he] was originally convicted of possession with intent to distribute." The court overruled the objection, explaining that

> [t]he reason that th[e] special condition is being imposed is because [Hathorn] has a conviction for drug dealing. He has shown that he has a drug addiction—apparently a drug addiction, or certainly a drug abuse problem, and one of the best ways to discover using illegal drugs is to look at somebody's cell phone or communication device.

On appeal, Hathorn challenges only the portion of the special condition of SR allowing probation officers to search his computers, cellular telephones, and all other electronics. He asserts that the district court abused its discretion in imposing the special condition because it is not (1) reasonably related to any of the 18 U.S.C. § 3553(a) factors, (2) narrowly tailored such that it does not involve a greater deprivation of liberty than is reasonably necessary to achieve the § 3553(a) factors, and (3) consistent with the policy statements issued by the Sentencing Commission.

3

No. 18-60380

## II.

"We review a preserved challenge to a special condition of [SR] for abuse of discretion." *United States v. Caravayo*, 809 F.3d 269, 272 (5th Cir. 2015) (per curiam). That "review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011) (alteration in original) (citation omitted).

"A district court has wide discretion in imposing terms and conditions of [SR]." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). It may impose any condition that "it considers to be appropriate" so long as three require-ments are satisfied. 18 U.S.C. § 3583(d).

First, the condition must be "reasonably related" to one of four factors in § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the "adequate deterrence [of] criminal conduct"; (3) the "protect[ion] [of] the public from further crimes of the defen-dant"; and (4) the "provi[sion] [of] needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (2)(B)–(D); *see also United States v. Weatherton*, 567 F.3d 149, 153 & n.1 (5th Cir. 2009). "Second, the condition cannot impose any 'greater depri-vation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Weatherton*, 567 F.3d at 153 (quoting 18 U.S.C. § 3583(d)(2)). Third, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

## III.

Hathorn claims that the district court abused its discretion because the special condition does not satisfy any of the three statutory requirements.

4

No. 18-60380

Hathorn's assertions are meritless. The court appropriately exercised its wide discretion to craft a special condition it considered proper and that met the three requirements. Highly deferential abuse-of-discretion review reveals no error.

A.

Hathorn maintains that the special condition is not reasonably related to any of the factors in § 3553(a). His contentions are unpersuasive.

First, Hathorn asserts that the special condition does not reasonably relate to "the nature and circumstances of the offense" and "the history and characteristics of the defendant." He states that his underlying conviction was for drug dealing, but it occurred "over ten years ago," and "[t]here is no indication or implication of any kind that he is still a drug dealer." But Hathorn fails to acknowledge that he repeatedly violated the conditions of his SR by using drugs. The district court was not attempting to address a past violation but was imposing the condition to help combat Hathorn's continued involvement with illegal drugs. It determined that "one of the best ways to discover using illegal drugs is to look at somebody's cell phone or communication device." The special condition thus permits the probation office to search those devices, critical instruments that facilitate drug use, upon reasonable suspicion. Therefore, the special condition reasonably relates to "the nature and circumstances of the offense" and "the history and characteristics of the defendant."

In *United States v. Erwin*, 675 F. App'x 471 (5th Cir. 2017) (per curiam), we upheld a similar condition under comparable circumstances. The SR included a special condition subjecting the defendant to "the search of [his] premises, vehicle or person, day or night, with or without a warrant, at the request of the probation officer to determine the presence of controlled substances, firearms or any other contraband." *Id.* at 472 (alteration in

5

original).  Because the defendant "was convicted of a drug-trafficking offense and had multiple drug-related [SR] release violations," the special condition was reasonably related to the nature and circumstances of the offense and the defendant's history and characteristics.  *Id.*  Like the defendant in *Erwin*, Hathorn was convicted of a drug-trafficking offense, violated his SR multiple times by using drugs, and is now facing a special condition that allows for searches to discover drugs.  *Erwin* thus counsels that this special condition is reasonably related to the nature and circumstances of the drug-trafficking offense and the defendant's history and characteristics, namely, repeatedly violating SR by using drugs.

Second, Hathorn avers, without elaboration, that the special condition is not reasonably related to deterring criminal conduct adequately "[f]or the same reasons" as why it is not reasonably related to the nature and circumstances of his offense and his history and characteristics.  Hathorn's claim strains credulity.  Subjecting Hathorn's electronic devices to searches by the probation office "in a reasonable manner, under reasonable suspicion of contraband or illegal activity" is reasonably related to deterring him from entangling himself with drugs.  Cell phones, computers, and other electronic devices are vital to the modern-day drug trade.[1]  Consequently, knowing that the probation office might search his electronic devices and discover his drug use, Hathorn could decide not to use drugs because the risk of apprehension is too high.  Therefore, the special condition reasonably relates to adequate deterrence of criminal conduct.

---

[1] *See United States v. Mozingo*, 728 F. App'x 400, 400–01 (5th Cir. 2018) (per curiam) (discussing evidence gathered from a cell phone consisting of "drug related text messages concerning drug sales" that established that defendant violated SR); *United States v. Espinoza-Seanez*, 862 F.2d 526, 538 (5th Cir. 1988) (explaining that a jury "could have decided" that a cell phone was a "'tool[] of the trade' for a drug trafficker").

No. 18-60380

Third, Hathorn perfunctorily asserts that there is "no reason that sub-jecting [him] to searches of his electronic devices protects the public." To the contrary, subjecting him to the specter of searches of his electronic devices, on reasonable suspicion, protects the public from Hathorn's further crimes by deterring him from perpetuating the drug trade and using drugs. Again, Hathorn could decide that the risk of detection is too high, so he will refrain from using or trafficking in drugs, thereby protecting the public from further crimes.

We therefore easily determine that three of the four § 3553(a) factors are satisfied. We need not assess whether the special condition is related to pro-viding Hathorn with educational or vocational training, medical care, or other correctional treatment.

Hathorn contends that the special condition involves a greater depriva-tion of liberty than is reasonably necessary to advance deterrence, protect the public from him, and advance his correctional needs because it is "overly broad," "allow[ing] a probation officer to access all aspects of [his] life, which will reveal a wealth of private information that has nothing to do with drug use." Relying on *Riley v. California*, 573 U.S. 373, 394 (2014), Hathorn reasons that because the Supreme Court there recognized that "'[t]he sum of an indi-vidual's private life can be reconstructed' through a cell phone search," the special condition, which allows for cell phone searches, is necessarily "*not* nar-rowly tailored to achieve the goals of § 3553(a)." Precedent does not support Hathorn's theory.

In *United States v. Knights*, 534 U.S. 112, 119 (2001) (internal quotation marks and citation omitted), the Court recognized that "[i]nherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled." Consequently, "[w]hen an officer has

7

reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *Id.* at 121. Thus, the warrantless search of a probationer's home on reasonable suspicion under a probation condition did not violate the Fourth Amendment. *Id.*

In *United States v. Winding*, 817 F.3d 910, 915–17 (5th Cir. 2016), relying on these principles, but in the context of SR, this court upheld, on plain-error review, the imposition of a special condition allowing a warrantless search of electronic devices on reasonable suspicion of unlawful conduct. We explicitly determined that the special condition did not place "a greater burden on [the defendant's] liberty than is necessary." *Id.* at 916.

Like the defendant in *Winding*, Hathorn has a "recent history of repeated . . . offenses, a history that bears a reasonable relationship to the search condition." *Id.* As a supervised releasee, Hathorn's entitlement to the absolute liberty that ordinary citizens enjoy is circumscribed. *Id.* Furthermore, any searches of his electronic devices are permitted only "under reasonable suspicion of contraband or illegal activity," "thereby subjecting [Hathorn] at most to intermittent searches (and perhaps none at all if there is never reasonable suspicion)." *Id.* at 917. Like in *Winding*, "the possibility of intermittent searches" is not "too much of a burden on [Hathorn's] already reduced liberty interest in light of his prior criminal history." *Id.* Accordingly, the deprivation of Hathorn's liberty is not more than is reasonably necessary to advance deterrence, protect the public from him, and serve his correctional needs.

*Riley* is not to the contrary. First, *Riley* addressed whether a warrant was required to search an arrestee's cell phone, 573 U.S. at 401, not whether a special condition of SR could include a provision allowing for the warrantless

No. 18-60380

search of electronic devices on reasonable suspicion. Second, the Court recognized that "other case-specific exceptions may still justify a warrantless search of a particular phone." *Id.* at 401–02. Other circuits have interpreted this carveout to authorize searches of cell phones conducted as part of SR.[2]

## B.

Hathorn claims that the special condition is inconsistent with the Sentencing Commission's policy statements. He asserts that the only policy statement that "relates to" the special condition is U.S.S.G. § 5D1.3(d)(4) because his underlying offense is for drug dealing, and his SR violations involved drug use. Consequently, because § 5D1.3(d)(4) mentions only drug treatment, drug testing, and alcohol abstention, Hathorn contends, "[i]t has nothing to do with the subject special condition," and, therefore, the condition is inconsistent with the Commission's policy statements, so the district court abused its discretion.

Nevertheless, "[a] district court has discretion to craft conditions of [SR], even if the Guidelines do not recommend those conditions." *United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013). Thus, even though § 5D1.3(d)(4) recommends a few potential special conditions for defendants with substance-abuse issues, it does not cabin a district court's discretion to only those conditions. The district court explained that the purpose of imposing the special condition allowing for the warrantless search of Hathorn's electronic devices on reasonable suspicion was to detect illegal drug use. That purpose relates to both Hathorn's underlying conviction for possession with intent to

---

[2] *See, e.g.*, *United States v. Jackson*, 866 F.3d 982, 985 (8th Cir. 2017) (determining that a warrantless search of defendant's cell phone while on SR was constitutional and stating that "*Riley* addressed privacy interests of an arrestee, not the circumscribed interests of an offender serving a term of [SR]"); *United States v. Hilton*, 625 F. App'x 754, 760 (6th Cir. 2015) (explaining that defendant's "[SR] terms surely provide one of the[] exceptions" to *Riley*).

9

distribute and his repeated SR violations for drug use, and it provides a means to begin to remedy that drug use through effective detection. Consequently, the special condition is consistent with § 5D1.3(d)(4), which addresses substance abuse, and therefore is consistent with the Sentencing Commission's policy statements.

Accordingly, the special condition satisfies the three § 3583(d) factors. The district court did not abuse its discretion in imposing it.

AFFIRMED.