# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50494

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEANDRE TERRELL CHAPMAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-580-1

Before OWEN, Chief Judge, and SOUTHWICK and OLDHAM, Circuit Judges.

PER CURIAM:*

Deandre Terrell Chapman pleaded guilty to sexual abuse of a minor after raping a fifteen-year-old girl when he was nineteen. *See* 18 U.S.C. § 2243(a). The district court sentenced him to two years of imprisonment and five years of supervised release. The mandatory conditions of Chapman's supervised release required him to (among other things) refrain from the unlawful use of controlled substances, submit to periodic drug tests, and obtain permission to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50494

leave the District of South Carolina, where he resided. The special conditions of his supervised release required him to (among other things) attend a sex offender treatment program and refrain from associating with children under the age of eighteen.

In June 2018, less than six months into Chapman's supervised release, the Government informed the district court that Chapman admitted to: (1) communicating with a fifteen-year-old girl on social media and exchanging photographs of their genitals; (2) sharing photographs of his genitals approximately 40 to 50 times on various social media sites; (3) watching pornography at least three times a day; and (4) traveling outside of the District of South Carolina without permission on three occasions to spend a week with an adult woman he met on Facebook. Chapman had also tested positive for marijuana, admitted to smoking marijuana at least five times since being on supervised release, and admitted to taking Adderall so that he could stay up all night and play video games. Chapman failed to disclose any of these high-risk behaviors to his sex offender treatment provider.

Because Chapman violated the conditions of his supervised release, the Government sought, with Chapman's consent, the addition of new special conditions of supervised release. The new conditions required, among other things, that Chapman "not possess, procure, purchase or otherwise obtain access to any form of computer network, bulletin board, or exchange format involving computers unless specifically approved by the U.S. Probation Office" and "not possess any audio or visual depictions containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)." The district court granted these modifications.

Roughly two weeks after the district court modified Chapman's conditions of supervised release, Chapman's supervising officer told him that he was prohibited from accessing the Internet on an unmonitored device. But

a month later, in July 2018, his supervising officer observed him watching a video on an unauthorized cell phone. Chapman admitted that he was not supposed to access the Internet from an unmonitored device. Because Chapman had once again violated the conditions of his supervised release, the Government sought and obtained, with Chapman's consent, another modification of his conditions. This modification required him to undergo an additional 30 days of home detention with location monitoring.

From November 2018 to January 2019, Chapman tested positive for marijuana three times and failed to report for one drug test. The Government moved to revoke Chapman's supervised release, and the district court revoked it in May 2019. The court sentenced Chapman to time served, followed by five years of supervised release.

This time Chapman's special conditions of supervised release required, among other things, that he "allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses, during his participation in sex offender treatment" and "not view or possess any 'visual depiction' (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of 'sexually explicit conduct' (as defined in 18 U.S.C. § 2256), during his participation in sex offender treatment."

Chapman appealed, challenging these two special conditions. We review a challenge to special conditions of supervised release for abuse of discretion. *See United States v. Hathorn*, 920 F.3d 982, 984 (5th Cir. 2019). Our review "is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *Ibid.* (quoting *United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011)). In light of Chapman's offense of conviction, subsequent conduct during

No. 19-50494

his supervised release, and ongoing participation in sex offender treatment, we find that the challenged special conditions are appropriate. They are limited in duration to the time in which Chapman is participating in sex offender treatment, and they are related to ensuring the effectiveness of that treatment. *See* 18 U.S.C. §§ 3553(a)(2)(D), 3583(d)(2).† The district court did not abuse its discretion.

AFFIRMED.

---

† In arguing that the district court abused its discretion, Chapman suggests that the ban on viewing or possessing visual depictions of sexually explicit conduct during his sex offender treatment could implicate his First Amendment rights. Even if we assume that it does, we have previously agreed with the Third Circuit that "supervised release conditions restricting . . . First Amendment freedoms are permissible if the statutory tailoring requirements are satisfied." *United States v. Paul*, 274 F.3d 155, 169 (5th Cir. 2001) (citing *United States v. Crandon*, 173 F.3d 122, 127–28 (3d Cir. 1999)).