NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1616
_____

UNITED STATES OF AMERICA

v.

JAMIA PHILECIA HOLTON,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-21-cr-00281-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 6, 2024

Before: HARDIMAN, SCIRICA, and SMITH, *Circuit Judges.*

(Filed: June 20, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Jamia Holton violated the terms of her probation and was sentenced to six months' imprisonment, followed by one year of supervised release. Her release conditions required her to submit her electronic devices to suspicionless searches conducted by the United States Probation Office. Holton now challenges the District Court's imposition of the special search condition, arguing that it bears no relationship to her underlying offense or probation violations and that its overbreadth violates her fundamental right to privacy. We disagree and will affirm.

I.

Because we write primarily for the Parties, we will recite only the facts essential to our decision. Between April and July 2020, Jamia Holton purchased forty-five firearms for her then-boyfriend, Tykeam Jackson, a convicted felon who could not own firearms. Holton later admitted to law enforcement that Jackson would sometimes text her pictures of the firearms he wanted her to buy and would pay her $100 for each firearm she purchased for him. As a result, Holton was charged with and pleaded guilty to conspiring to make false statements during the purchase of firearms. 18 U.S.C. § 371. While on presentence supervision, Holton tested positive for marijuana four times, failed to attend substance abuse treatment, and incurred new charges for theft. In August 2022, Holton was sentenced to one year of probation home detention with electronic monitoring.

In February 2023, the Probation Office sought to revoke Holton's probation based on her multiple violations, which included: positive tests for cocaine, marijuana, or both; unsuccessful discharge from substance-abuse treatment; untruthful statements to her

2

Probation officer respecting the hours she worked at her job, from which she was ultimately terminated; and numerous, unauthorized exits from her home confinement. At the revocation hearing, Holton admitted to the violations, and the District Court sentenced her to six months' imprisonment, followed by one year of supervised release. The District Court imposed several conditions of supervision, including that she submit her electronic devices to suspicionless searches conducted by the Probation Office. When Holton's counsel objected to the search condition, the District Court explained that it was unknown what Holton was doing when she left her home without authorization and with whom she was communicating to get drugs.

Holton timely appealed.

## II.[1]

First, Holton argues that the District Court abused its discretion by imposing a special search condition that bears no reasonable relationship to her underlying offense, probation violations, personal history, or the goals of supervised release. We disagree.

We afford a "sentencing judge . . . wide discretion in imposing supervised release" and review a court's imposition of a special condition of supervision for "abuse of discretion." *United States v. Crandon*, 173 F.3d 122, 127 (3d Cir. 1999). A special condition "must be reasonably related in a 'tangible way,' to the defendant's crimes or something in [her] history, and it must involve no greater deprivation of liberty than is reasonably necessary to deter future crime, protect the public, or rehabilitate the

---

[1] The District Court had jurisdiction over this matter under 18 U.S.C. § 3231 and 18 U.S.C. § 3565. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

defendant." *United States v. Senke*, 986 F.3d 300, 317 (3d Cir. 2021) (quoting *United States v. Pruden*, 398 F.3d 241, 248–49 (3d Cir. 2005)); *see also* 18 U.S.C. § 3583(d). "This is not an especially high standard." *Pruden*, 398 F.3d at 249. "While a district court is required to put forward factual findings justifying special conditions, an appellate court may affirm a special condition if there is any 'viable basis' for the condition in the record." *United States v. Santos Diaz*, 66 F.4th 435, 448 (3d Cir. 2023) (quoting *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007)).

Here, although the District Court could have more clearly articulated its basis for the special condition, we find ample basis in the record to conclude that the electronic search condition is "tangibly related to the goals of supervised release." *United States v. Holena*, 906 F.3d 288, 290 (3d Cir. 2018) (cleaned up). The District Court expressed concern about Holton's continued substance abuse and sought to deter her from communicating with potential drug suppliers. Deterrence and rehabilitation are factors a court may consider in imposing a special condition. *See* 18 U.S.C. § 3553(a)(2)(B), (D). So, Holton's positive drug test and unexplained access to drugs provide just cause for the search condition.

Moreover, it was reasonable for the District Court to conclude that Holton's drug use was likely facilitated by an electronic device. *See United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) (upholding an electronic search condition after finding that "it was entirely reasonable for the District Court to conclude that [defendant] may purchase those drugs . . . over the internet"); *United States v. Hathorn*, 920 F.3d 982, 984–85 (5th Cir. 2019), *cert. denied* 140 S. Ct. 250 (2019) (upholding an electronic

4

search condition "to . . . combat [the defendant's] continued involvement with illegal drugs," because "one of the best ways to discover using illegal drugs is to look at somebody's cell phone or communication device"). This is true where, as here, the search condition relates to Holton's criminal conduct. *See* 18 U.S.C. § 3553(a)(1). As Holton concedes, she told federal agents that her boyfriend would sometimes text her pictures of the firearms that he wanted her to purchase.

Finally, as the District Court noted when it revoked Holton's probation, Holton had received numerous opportunities for rehabilitation, including home confinement and drug treatment. However, Holton's repeated violations, the Court stressed, had shown that she was undeterred by the conditions of her probation. Accordingly, the special condition is reasonably related to Holton's repeated presentence supervision and probation violations because it will aid the Probation Office in deterring recidivism through continued drug use. *See, e.g.*, *Taylor*, 997 F.3d at 1354 (explaining that, although an electronic search condition was unrelated to underlying firearm offense, it was reasonably related to defendant's history as a recidivist); *United States v. Bare*, 806 F.3d 1011, 1019 (9th Cir. 2015) (upholding electronic search condition despite no evidence that such devices were used in the underlying offense). In these circumstances, we conclude that the District Court did not abuse its discretion by imposing the special search condition.

Next, Holton urges that the suspicionless search condition is not narrowly tailored and that it violates her Fourth Amendment rights. Holton is mistaken.

A special condition must achieve its objective without imposing a "greater

deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2); *see also*

*Holena*, 906 F.3d at 291 ("A defendant's conduct should inform the tailoring of [her]

condition[].").  When determining whether a condition is overbroad, we consider: (1) its

"substantive breadth;" (2) "duration;" and (3) "the severity of the defendant's criminal

conduct and the facts underlying the conviction." *United States v. Albertson*, 645 F.3d

191, 198 (3d Cir. 2011) (cleaned up).  A condition restricting constitutional rights "will

be upheld if (1) [it is] directly related to deterring [the] defendant and protecting the

public and (2) [is] narrowly tailored." *Santos Diaz*, 66 F.4th at 448 (citing *Crandon*, 173

F.3d at 128).

Here, although the search provision has no reasonable suspicion limitation, it

relates to deterring further violations and applies for only one year. *See Santos Diaz*, 66

F.4th at 448.  Indeed, given Holton's lack of candor with her Probation officer,

unexplained access to drugs, and unauthorized departures from her home confinement,

the suspicionless search provision allows the Probation Office to more effectively

supervise and reintegrate Holton into society. *See United States v. Knights*, 534 U.S. 112,

120–21 (2001) (articulating the State's dual concerns of curbing recidivism and

promoting reintegration).

Nor does the suspicionless search condition violate Holton's Fourth Amendment

rights.  In *Samson v. California*, the Supreme Court held that "the Fourth Amendment

does not prohibit a police officer from conducting a suspicionless search of a parolee."

547 U.S. 843, 857 (2006).  In upholding suspicionless searches of parolees, the Supreme

Court explained that a reasonable suspicion requirement would give parolees a greater

6

opportunity "to anticipate searches and conceal criminality." *Id.* at 854. The Court indicated that its ruling applied to "a system of supervising parolees[,]" *see id.* at 855 (citing *United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002)), and Courts of Appeals have applied *Samson* in the context of federal supervised release. *See, e.g.*, *United States v. Rusnak*, 981 F.3d 697, 712 (9th Cir. 2020); *United States v. Winding*, 817 F.3d 910, 916 (5th Cir. 2016) ("Supervised release is akin to parole.").

Accordingly, the District Court did not abuse its discretion in imposing the special search condition, which does not so impugn Holton's privacy interests as to constitute a violation of her Fourth Amendment rights.

III.

We will affirm the District Court's imposition of Holton's special condition of supervised release.