# United States Court of Appeals for the Fifth Circuit

---

No. 24-60050
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaron Stubbs,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-7-1

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Jaron Stubbs appeals the sentence imposed following the revocation of his term of supervised release for his 2015 conviction of possession with intent to distribute five grams or more of actual methamphetamine. After revoking Stubbs's term of supervision, the district court sentenced him to eight months of imprisonment and 18 months of supervised release. Stubbs

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

challenges a search condition imposed as a condition of his supervision, specifically as it relates to his electronic devices. He argues that the condition is not reasonably related to any of the sentencing factors in 18 U.S.C. § 3553(a), the condition involves a greater deprivation of liberty than is necessary to advance the sentencing goals set forth in Section 3553(a), and the condition is inconsistent with the policy statements issued by the United States Sentencing Commission.

As Stubbs correctly concedes, because he did not object in the district court to the imposition of the search condition he now challenges, this court's review is for plain error. *See United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016). To show plain error, Stubbs must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In *United States v. Hathorn*, 920 F.3d 982, 983–87 (5th Cir. 2019), this court rejected nearly identical challenges to a nearly identical search condition in a case where the error was preserved. In light of *Hathorn*, Stubbs has not demonstrated any error, much less a clear or obvious error, in the imposition of the search condition. Consequently, the judgment of the district court is AFFIRMED.