# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60777
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN CODY HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-21-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

In 2008, Bryan Cody Hall was convicted of failure to register as required by the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250, and he was sentenced to an imprisonment term of six months and a lifetime term of supervised release. In January 2012, Hall's supervised release was revoked, and he was sentenced to 18 months in prison and a lifetime term of supervised release. Hall commenced a second term of supervised release in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60777

January 2013, and in October 2013, the district court determined that Hall had once again violated the terms of his supervised release and revoked his supervised release. The district court sentenced him to 24 months in prison and again imposed a lifetime term of supervised release.

Hall first asserts that the district court procedurally erred by providing insufficient reasons for imposing a lifetime term of supervised release and that the inadequate and nonspecific reasons provided make it impossible for this court to afford Hall a meaningful appellate review. Hall did not object in the district court that the reasons for the imposed term of supervised release were insufficient. Therefore, plain error review governs this claim. *See United States v. Warren*, 720 F.3d 321, 326-27 (5th Cir. 2013). To establish reversible plain error, Hall must show a forfeited error that is clear and obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To affect substantial rights, the defendant must demonstrate that the error affected the outcome of the proceedings. *Id.* This court will exercise its discretion to correct the error only "if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.*

In the revocation context, as with original sentences, the district court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fairness in sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). There are no formulaic requirements; instead, the district court should set forth enough to "satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 357 (2007); *see United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

The record amply demonstrates, on plain error review, that the district court made the required individualized assessment of the facts and determined that the chosen term of supervised release was sufficient to achieve the sentencing goals for Hall.  We note in particular, when imposing Hall's term of supervised release, the district court stated as follows.  "Mr. Hall is clearly prone to violence and is a serious threat to public safety.  Following the defendant's release from imprisonment, for those reasons, he will be placed on supervised release for a term of life, subject to all mandatory special and standard conditions of supervision."  Additionally, after Hall objected to the substantive reasonableness of the lifetime term of supervised release, the district court again noted, among other things, Hall's "conduct . . . throughout the course of his supervision" as justification for the sentence.  Accordingly, the district court adequately explained the imposed lifetime term of supervised release making it possible for this court to conduct a meaningful appellate review.

Hall's reliance upon *United States v. Fraga*, 704 F.3d 432 (5th Cir. 2013), and *United States v. Alvarado*, 691 F.3d 592 (5th Cir. 2012), is misplaced. *Fraga* and *Alvarado* involved appeals of original sentencing proceedings, not resentencings upon revocation of supervised release, as in Hall's case.  *See Fraga*, 704 F.3d at 437; *Alvarado*, 691 F.3d at 594.  Additionally, in both *Fraga* and *Alvarado*, the district judge failed to provide reasons for imposing a lifetime term of supervised release and indicated that she automatically imposed a lifetime term of supervised release in sex offense cases.  *See Fraga*, 704 F.3d at 441-42; *Alvarado*, 691 F.3d at 598.  That is not the case here.

Next, Hall contends that his lifetime term of supervised release is substantively unreasonable.  This issue, which is properly preserved, is reviewed under a plainly unreasonable standard for an abuse of discretion.

*Warren*, 720 F.3d at 326. If the sentence is unreasonable, this court "may reverse the district court only if we further determine the error was obvious under existing law." *Id.*

The district court made an individualized assessment based on Hall's history and characteristics, the need to protect the public, and the need to afford adequate deterrence, and it imposed a sentence responsive to Hall's multiple violations of release. *See Gall*, 552 U.S. at 49-51; *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). That sentencing rationale is fully consistent with the primary goal of a sentence upon revocation of supervised release, which is to sanction the defendant for failing to abide by the terms of the supervision. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. ¶ 3(b); *Miller*, 634 F.3d at 843. While Hall disagrees with the district court's assessment of a proper sentence, his disagreement does not demonstrate that the district court's sentence, which was within the statutory maximum, is plainly unreasonable. *See Gall*, 552 U.S. at 51-52; *Warren*, 720 F.3d at 326.

For the foregoing reasons, the judgment of the district court is AFFIRMED.