# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60249

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERIC MONTEZ WINDING,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

While on supervised release for the prior offense of failing to register as a sex offender, Eric Montez Winding was indicted in Mississippi for sexual battery, domestic violence, and aggravated assault of his 16-year-old daughter. The district court revoked his supervised release, and imposed a two-year sentence and a life term of supervised release with several special conditions. Winding challenges the procedural and substantive reasonableness of his life term of supervised release and the substantive reasonableness of several of the special conditions. We AFFIRM.

No. 15-60249

## FACTUAL AND PROCEDURAL BACKGROUND

Eric Montez Winding was first convicted of a sexual offense while serving in the United States Army. At that time, he was convicted of forced sodomy and sexual assault of female enlistees. This conviction required him to register as a sex offender. He registered in Mississippi but failed to register in Texas when he moved there. Winding was convicted in federal court for failure to register as a sex offender. The district court sentenced him to 18 months in prison and five years of supervised release.

After Winding served his 18-month prison term and was on supervised release, he placed a knife to his daughter's neck, demanded that she have sex with him, penetrated her vagina with his hand, and threatened to kill himself if she refused. He pled guilty in Mississippi state court to the felony charge of fondling a child for lustful purposes. He was sentenced to 15 years in prison.

Based on this state conviction, the federal district court revoked Winding's supervised release. The United States Sentencing Guidelines range for the supervised release violation was 18 to 24 months, with a statutory maximum of 24 months. The maximum term of supervised release was life. The district court imposed the most punitive punishment possible: a 24-month prison term and life-time supervised release, the federal sentence to run consecutively to the state sentence. The district court also imposed special conditions of supervised release. The ones relevant here are that Winding:

1) participate in a treatment and monitoring program for sex offenders;
2) submit to polygraph examinations;
3) refrain from residing within 3,000 feet of schoolyards or other facilities utilized by persons under the age of 18; and
4) submit to warrantless searches of any property, house, residence, vehicle, papers, computer, and other electronic mediums;

Winding timely appealed.

No. 15-60249

DISCUSSION

Winding challenges the procedural and substantive reasonableness of his life term of supervised release, and the substantive reasonableness of the aforementioned special conditions. We address these issues in turn.

## I.     *Life Term of Supervised Release*

We review a sentence imposed after revocation of supervised release under the plainly unreasonable standard of review. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We must ensure "the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). We must then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Miller*, 634 F.3d at 843. If the sentence is unreasonable, then the court considers "whether the error was obvious under existing law." *Id.* The district court's application of the Guidelines is reviewed *de novo*, and factual findings are reviewed for clear error. *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010).

The district court determined that Winding was a sexual predator with pedophilic tendencies. On this basis, the district court imposed a life term of supervised release. Winding contends the district court erred by making this finding without expert testimony. Though Winding characterizes his argument as a challenge to the substantive reasonableness of his sentence, a challenge to a factual finding at sentencing is procedural in nature. *See Warren*, 720 F.3d at 326. Winding relies on a Seventh Circuit case that held a court erred in sentencing a defendant for child pornography offenses on the basis the defendant was a pedophile absent evidence to support that

3

determination; in addition, a defense expert had testified the defendant was not a pedophile. *United States v. Modjewski*, 783 F.3d 645, 649, 652−53 (7th Cir. 2015). *Modjewski* held that the district court judge's own opinion in the absence of supporting evidence was unreliable because "the judge was not admitted as an expert." *Id.* at 653. "Since there was no other evidence in the record upon which the judge could support her conclusion, her finding of a pedophilic identification was speculative and an error." *Id.*

The present case is distinguishable from *Modjewski*. There was uncontroverted evidence that Winding sexually assaulted women while in the military and sexually molested his own daughter at knifepoint. Based on this evidence, the district court found Winding was a sexual predator with pedophilic tendencies. Further, we do not require expert evidence to support a determination that a defendant has a sexual interest in children that justifies a life term of supervised release. *See United States v. Allison*, 447 F.3d 402, 404−07 (5th Cir. 2006).

Winding also argues his life term of supervised release is substantively unreasonable. "A [revocation] sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Warren*, 720 F.3d at 332 (quotation marks omitted). The maximum term of supervised release that may be imposed upon revocation of supervised release is the maximum term of supervised release for the underlying crime. 18 U.S.C. § 3583(h). The statutory term of supervised release for Winding's underlying crime of failure to register as a sex offender is five years to life. *Id.* § 3583(k). The district court gave the statutory maximum term.

Winding argues his receiving the maximum term is unreasonable because he received only five years of supervised release at his original

sentencing for failure to register. That is irrelevant, as his current revocation sentence was not imposed as punishment for the failure to register offense. It was imposed for Winding's violation of a condition of his supervised release by sexually assaulting his minor daughter. "[T]he goal of revocation is to punish a defendant for violating the terms of the supervised release." *Miller*, 634 F.3d at 843. The district court also expressly relied on Winding's undisputed history of sex crimes against multiple women in imposing the life term, among other factors. We reject Winding's argument that the sentencing factors in 18 U.S.C. § 3553(a) do not support the imposition of a life term of supervised release. The district court "made an individualized assessment based on [Winding's] history and characteristics, the need to protect the public, and the need to afford adequate deterrence, and it imposed a sentence responsive to [his] . . . violation[] of release." *See United States v. Hall*, 575 F. App'x 328, 330 (5th Cir. 2014).

We find no procedural or substantive error with the district court's imposition of a life term of supervised release.

## II.     *Special Conditions of Supervised Release*

Winding challenges the substantive reasonableness of the special conditions of his supervised release that he:

1) participate in a sex offender treatment and monitoring program;
2) submit to polygraph tests;
3) refrain from living within 3,000 feet of places frequented by minors; and
4) submit to warrantless searches of his computer and other electronic devices.

We review conditions of supervised release for an abuse of discretion. *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015). "A district court has wide discretion in imposing terms and conditions of supervised release." *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001). The district court may

impose "any condition . . . it considers to be appropriate" so long as the condition is "reasonably related" to the factors set forth in Section 3553(a)(1), (a)(2)(B)−(D); involves no "greater deprivation of liberty than is reasonably necessary" for the purposes set forth in those same sections; and is "consistent with the pertinent policy statements issued by the Sentencing Commission." *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (quotation marks omitted).

Below, we examine the first three conditions together, then separately consider the final condition.

### A. The First Three Conditions

Winding contends that the conditions of attending a sex offender treatment and monitoring program, submitting to polygraph tests, and refraining from living within 3,000 feet of places frequented by minors, are not reasonably related to the Section 3553(a) factors.   He argues these conditions are unnecessary for deterrence and protection of the public in light of the 17 years he must serve in state and federal prison, and the fact that he will be 61 years old when released.   He also argues the conditions impose a greater deprivation of liberty than necessary to achieve the sentencing goals.

Because Winding did not raise these arguments in the district court, our review is for plain error. *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013).   Winding must overcome the "considerable deference" owed on plain error review to the district court's imposition of the special conditions. *Id.* at 228. The district court determined these conditions were necessary because of the nature of Winding's supervised release violation, which a term in military prison for his earlier sex crimes failed to deter.   While Winding disagrees with the court's weighing of the applicable sentencing factors, he fails to show the conditions were not reasonably related to the need for deterrence and

protection of the public or that they imposed a greater infringement upon his liberty than necessary in light of his history and characteristics. *See e.g.*, *Fields*, 777 F.3d at 803−05 (finding no plain error in imposition of sex offender conditions where defendant was convicted of sexual assault 23 years earlier); *Weatherton*, 567 F.3d at 155 (rejecting on plain error review defendant's claim that sex offender conditions imposed a greater deprivation of liberty than necessary to achieve deterrence and protect the public).

Finally as to this issue, Winding argues the conditions are inconsistent with the Guidelines policy statements. He notes that these conditions are implicated in the policy statement in Guidelines Section 5D1.3(d)(7) where the underlying offense is a sex offense. He argues that his underlying offense was violation of supervised release, not a sex offense. "[A] special condition that is not related to the crime of conviction will nevertheless be upheld as long as it is justified by a defendant's criminal history." *United States v. Salazar*, 743 F.3d 445, 452 (5th Cir. 2014). Here, the conditions clearly relate to Winding's history of sexual assault and abuse.

## B. The Warrantless Search Condition

Winding specifically challenges the condition allowing warrantless searches of his computer and other electronic devices. The condition reads:

> The defendant shall submit to a search, at any time, with or without a warrant . . . of the defendant's . . . computer, other electronic communication or data storage devices or media and effects, upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant.

Winding asserts there is no evidence in the record indicating that any of his offenses were caused by or related to the use of a computer. As he argues, the condition is therefore unrelated to his characteristics or history, and involves

a greater deprivation of liberty than reasonably necessary.

The district court did not explain why it imposed the condition. We have held that it may be an abuse of discretion to bar a defendant from possessing pornographic materials when the district court fails to explain how the condition is reasonably related to the sentencing goals and when the record indicates no relationship between the defendant's criminal history and pornographic materials. *Salazar*, 743 F.3d at 451. In another decision, we determined the district court abused its discretion in imposing a special condition that required the defendant to install pornography-filtering software on any computer he possessed as "neither his failure-to-register offense nor his criminal history has any connection to computer use or the Internet." *United States v. Fernandez*, 776 F.3d 344, 348 (5th Cir. 2015).

We find that *Salazar* is distinguishable because there was no "evidence that Salazar [was] a repeat offender of sex crimes" and "no evidence of predatory sexual behavior beyond his singular and now-remote sexual offense." 743 F.3d at 452. Winding has a recent history of repeated sexual abuse offenses, a history that bears a reasonable relationship to the search condition. Moreover, the district court imposed a *search* condition, not a condition that prevents Winding from viewing or acquiring certain materials. The Supreme Court has rejected Fourth Amendment attacks upon search conditions, whether or not they relate to the underlying circumstances of the offense or the offender, on the basis of an offender's reduced expectation of privacy.

For example, the Court upheld a condition requiring a probationer to "[s]ubmit his . . . person, property, place of residence, vehicle, personal effects, to search at anytime, with or without a search warrant, warrant of arrest or reasonable cause by any probation officer or law enforcement officer." *United States v. Knights*, 534 U.S. 112, 114, 122 (2001). The defendant in *Knights* argued the condition violated the Fourth Amendment because it allowed

searches that were not limited to a "probationary" purpose. *Id.* at 114−18. The Court disagreed, holding that the supposed distinction between searches meant to further Knights' probationary status and searches with only a general "investigatory" purpose was based on "dubious logic." *Id.* at 116−17. The Court explained the condition "would further the two primary goals of probation, [which are] rehabilitation and protecting society from future criminal violations"; due to a probationer's lower expectation of privacy, such a condition was reasonable under the Fourth Amendment. *Id.* at 120. We determine that Winding's conditions are reasonable in light of the statutory sentencing goals, a conclusion that is consistent with the Supreme Court's rejection of a constitutionally secured privacy interest in this context.

We also do not find there is a greater burden on Winding's liberty than is necessary. "[P]robationers do not enjoy the absolute liberty to which every citizen is entitled." *Id.* at 119 (quotation marks omitted). Supervised release is akin to parole. *Johnson v. Owens*, 612 F. App'x. 707, 711 (5th Cir. 2015). "[P]arolees enjoy even less of the average citizen's absolute liberty than do probationers." *Samson v. California*, 547 U.S. 843, 850 (2006) (quotation marks omitted). Here, Winding committed multiple sexual assaults against women while he was in the military and then against his own minor daughter while on supervised release. A warrantless search of Winding's electronic devices is permitted only "upon reasonable suspicion" of lawbreaking, thereby subjecting Winding at most to intermittent searches (and perhaps none at all if there is never reasonable suspicion). We do not find the possibility of intermittent searches to be too much of a burden on Winding's already reduced liberty interest in light of his prior criminal history. Winding's deprivation of liberty is not more than is necessary.

AFFIRMED.

9