# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

CONNIE LARABEL,

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-71-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Connie Larabel, after three prior revocations, admitted to again violating terms of her supervised release by testing positive for drug use and failing to make restitution payments; the district court sentenced her to the statutory maximum of 24 months of imprisonment despite that her guidelines range was only three to nine months. She argues that the district court committed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60102

procedural error and imposed a substantively unreasonable revocation sentence.

We review a revocation sentence under the plainly unreasonable standard in a two-step process, examining first for procedural error and then for substantive reasonableness. *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016). However, because Larabel failed to raise it below, we review only for plain error her claim that the district court procedurally erred by offering an inadequate explanation for the sentence imposed. *See United States v. Warren*, 720 F.3d 321, 326-27 (5th Cir. 2013); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Since Larabel does not even attempt to show that the district court committed plain error, her claim fails. *See id.*

We review the substantive reasonableness of Larabel's sentence for an abuse of discretion. *See Winding*, 817 F.3d at 913. A revocation sentence that exceeds the applicable guidelines range is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted). The record demonstrates that the district court made an individualized sentencing decision based upon the applicable sentencing factors, and while Larabel invites us to reweigh those factors, we may not do so. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Winding*, 817 F.3d at 914. Larabel fails to show that the district court abused its discretion. *See Winding*, 817 F.3d at 913.

AFFIRMED.