# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHNNY JUNE MASON, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-62-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny June Mason, Jr., pleaded guilty to one count of failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act. Mason was sentenced to 30 months' imprisonment and five years of supervised release. Concerning the latter, the district court imposed a variety of special conditions; Mason challenges the special conditions that restrict his access and exposure to persons under the age of 18 (the special conditions).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-30128

Mason contends the special conditions are not reasonably related to the pertinent sentencing factors because there is no indication he is a danger to minors, and his only prior sexual offense is remote and involved a member of his "peer group". He additionally maintains the special conditions that impose residency and locational restrictions involve a greater deprivation of liberty than is reasonably necessary to achieve the statutory sentencing goals. (Although Mason also references an occupational restriction, he has not identified any such condition he seeks to contest on appeal.)

Mason did not raise a sufficient objection in district court to the special conditions. *See United States v. Caravayo*, 809 F.3d 269, 272–73 & n.1 (5th Cir. 2015); *United States v. Burton*, 126 F.3d 666, 673 (5th Cir. 1997) (citation omitted) ("[T]he touchstone is whether the objection was specific enough to allow the trial court to take testimony, receive argument, or otherwise explore the issue raised".). Because he did not do so, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Mason must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

In reviewing special conditions, our court must review, *inter alia*, a defendant's history and characteristics. *See* 18 U.S.C. § 3583(d). Therefore, a prior conviction may be considered, *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citations omitted); and we may uphold sex-related conditions based on a remote and single sex offense if there is a connection between the offense and the conditions, *United States v. Prieto*, 801 F.3d 547, 555–56 (5th Cir. 2015); *United States v. Fields*, 777 F.3d 799, 804 (5th Cir.

No. 18-30128

2015). Here, the circumstances and facts of Mason's previous offense – which involved the commission of aggravated rape and aggravated crimes against nature against a 17-year-old high-school student, when he was 19 – show the conditions are not clearly or obviously unconnected to his history and characteristics. *See United States v. Iverson*, 874 F.3d 855, 861–62 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1180 (2018); *Fields*, 777 F.3d at 803–04. Also, given Mason's past noncompliance with his registration obligations and other conditions of release meant to protect the public from recidivism by sex offenders, the conditions were warranted by the need to advance deterrence and protect the public. *See* 18 U.S.C. § 3583(d)(1); *Prieto,* 801 F.3d at 555–56; *Fields*, 777 F.3d at 804. He has not shown the district court plainly erred in imposing the special conditions. *Fields*, 777 F.3d at 806–07.

Mason also has not established plain error for his assertion that the residential and locational special conditions involve a greater deprivation of liberty than is reasonably necessary for the purposes of 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d)(2). The residency condition is considered first.

That condition, which applies to limited locations, is not absolute; the condition does not absolutely bar him from residing near the locations listed in the condition but, rather, prohibits him from residing in "direct view" of those sites. Mason has failed to show plain error concerning how this tailored condition – which is limited to five years and is intended to prevent him from accessing persons under the age of 18 at places where such persons would be present and likely vulnerable – involves a greater deprivation of liberty than is reasonably necessary to deter future criminal conduct and protect the public. *See id.*; *United States v. Winding*, 817 F.3d 910, 915 (5th Cir. 2016).

For his challenge to the locational restriction, Mason likewise fails to show plain error. Although he contends the special condition bans him from

libraries, the condition provides he may not frequent or loiter within 100 feet of places primarily used by persons under the age of 18 including, *inter alia*, libraries. Accordingly, the condition – which has a limited duration and restricts his access to places often visited by people under the age of 18 – does not completely deny him access to the library. *Fields*, 777 F.3d at 806 & n.33. Therefore, the condition is not broader than necessary to deter criminal conduct and protect the public. *Id.* at 806. As stated, Mason has not shown plain error. *Id.* at 806–07.

AFFIRMED.