# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60541
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN BALLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-155-1

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Balla pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, he challenges the substantive reasonableness of his 60-month, above-guidelines sentence. He contends that the district court erred in balancing the 18 U.S.C. § 3553(a) factors because he was not committing a violent felony at the time of arrest, there were no victims, he accepted full responsibility, he has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no convictions for violent crimes, and the probation officer did not identify any factors warranting an upward variance.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the district court considered the advisory guidelines range, the § 3553(a) factors, the facts set forth in the presentence report, Balla's arguments in mitigation of sentence, and the Government's request for an upward departure. The district court properly relied on Balla's "substantial" criminal history in varying upwards from the guidelines range. *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013). Balla fails to show that his sentence does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). His argument amounts to mere disagreement with the district court's weighing of the § 3553(a) factors, which is not a sufficient ground for reversal. *See Gall*, 552 U.S. at 51.

Balla also contends that the district court abused its discretion by requiring him, as a special condition of supervised release, to submit his electronic communication devices to searches by a probation officer upon reasonable suspicion that he violated a condition of his supervision and that the areas to be searched contained evidence of the violation. We review challenges to special conditions of supervised release for abuse of discretion. *United States v. Winding*, 817 F.3d 910, 914 (5th Cir. 2016). First, we consider whether a condition is reasonably related to the relevant sentencing factors. *Id.* Next, "the condition must be narrowly tailored such that it does not involve a greater deprivation of liberty than is reasonably necessary to fulfill the

No. 18-60541

purposes set forth in 18 U.S.C. § 3553(a)." *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016) (internal quotation marks, alteration, and citation omitted). Finally, the condition must be "consistent with the pertinent policy statements issued by the Sentencing Commission." *Winding*, 817 F.3d at 915 (internal quotation marks and citation omitted).

The condition is reasonably related to Balla's criminal history and the sentencing goals of deterring future criminal conduct and protecting the public from his future crimes. *See* 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (2)(B)–(C); *Winding*, 817 F.3d at 915-16. Balla fails to show that the condition involves a greater deprivation of liberty than necessary because "the possibility of intermittent searches [is not] too much of a burden on [Balla's] already reduced liberty interest in light of his prior criminal history." *Winding*, 817 F.3d at 917; *see* § 3583(d)(2). Finally, the condition is not inconsistent with the pertinent policy statement. *See* § 3583(d)(3); U.S.S.G. § 5D1.3(d), p.s.; *see also United States v. Windless*, 719 F.3d 415, 421 (5th Cir. 2013) ("A district court has discretion to craft conditions of supervised release, even if the Guidelines do not recommend those conditions.").

Accordingly, the judgment of the district court is AFFIRMED.