# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-50871
c/w No. 18-50875
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLIFFORD LOWELL PRICE,

Defendant-Appellant

—————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:01-CR-24-4
USDC No. 7:07-CR-36-1

—————————

Before KING, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Clifford Lowell Price appeals the consecutive prison sentences of 11 and 13 months imposed after the district court revoked his concurrent terms of supervised release. The court declined to impose additional supervised release, stating its desire to give Price a "clean slate" by putting behind him his long history of repeated supervised-release revocations dating back to 2007. Price

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonetheless contends that the district court failed to consider the relevant factors of 18 U.S.C. § 3553(a) and that the sentence was unreasonable under those factors.

The district court implicitly considered the relevant factors, including Price's characteristics and long history of failing to comply with conditions of supervised release. *See United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). Moreover, the total sentence, which was well below the statutory maximum, is presumed to be reasonable because each sentence was within the properly calculated advisory guideline range and the district court was authorized to impose consecutive sentences upon revocation of concurrent terms of supervised release. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008); *United States v. Gonzalez*, 250 F.3d 923, 926-27 (5th Cir. 2001). Price fails to rebut the presumption of reasonableness or to show otherwise that the sentence was "plainly unreasonable." *See United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016).

Price also argues that the district court erred by sentencing him without an updated presentence report ("PSR"). Price did not preserve this argument by objecting below, so we review only for plain error. *See United States v. Urbina-Fuentes*, 900 F.3d 687, 691 (5th Cir. 2018). Federal Rule of Criminal Procedure 32(c) requires the U.S. Probation Department to submit a PSR prior to most original sentencing hearings. But revocation hearings are governed by Rule 32.1, not Rule 32. *See United States v. Warren*, 720 F.3d 321, 327-28, 328 n.1 (5th Cir. 2013). And Rule 32.1 does not require a PSR. Price attempts to analogize to Rule 32's allocution requirement, which we have held applies to revocation hearings. *See United States v. Reyna*, 358 F.3d 344, 347 (5th Cir. 2004) (en banc). But Price cites to no authority—and we know of none— similarly extending Rule 32's PSR requirement to revocation hearings.

No. 18-50871
c/w No. 18-50875

Because *Warren* substantially undermines Price's contention, *see* 720 F.3d at 327-28, 328 n.1, any error the district court may have committed by sentencing Price without an updated PSR was not "clear or obvious" and thus cannot serve as a basis for reversal on plain-error review. *Urbina-Fuentes*, 900 F.3d at 696.

The judgment is AFFIRMED.