# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50052
c/w No. 19-50054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY IAN LARUE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-276-1
USDC No. 7:18-CR-277-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Anthony Ian LaRue appeals the 24-month concurrent prison sentences imposed after the district court revoked his terms of supervised release for the third time. He contends that the sentences are unreasonable because the district court impermissibly considered factors set forth in 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a)(2)(A) in selecting the sentences and because it improperly weighed the guideline policy statements and the § 3553(a) factors that it was permitted to consider.

A revocation sentence is typically reviewed to determine whether it is "plainly unreasonable."[1] *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under this standard, we first ask whether the district court committed any "significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (internal quotation marks and citation omitted). We then apply the abuse-of-discretion standard to review the substantive reasonableness of the sentence. *Id.* If we determine that the sentence was unreasonable due to procedural or substantive error, we next "consider[] 'whether the error was obvious under existing law.'" *Id.* (quoting *Miller*, 634 F.3d at 843).

A revocation sentence is substantively unreasonable where the district court did not take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). A district court imposing sentence in connection with a revocation under § 3583(e) is directed to consider the sentencing factors delineated in § 3553(a), including, inter alia, the non-binding policy statements in Chapter 7 of the Guidelines. *United States v.*

---

[1] The Government argues that review is only for plain error because LaRue did not object to the reasonableness of his revocation sentence in the district court. We need not decide whether LaRue's arguments were preserved because they are unavailing under the plainly unreasonable standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008); *see also United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

No. 19-50052
c/w No. 19-50054

*Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).  However, § 3583(e) omits from its directive the factors set forth in § 3553(a)(2)(A)—i.e., the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense—and, thus, a district court may not principally rely on § 3553(a)(2)(A) in a revocation proceeding pursuant to § 3583(e).  *See United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014); *Miller*, 634 F.3d at 844.

Though the district court did not explicitly refer to any § 3553(a)(2)(A) factor, LaRue maintains that the district court made remarks that suggested that it relied improperly on the need for the sentence to reflect the seriousness of the offense and to promote respect for the law.  This claim is belied by the record, however, which reveals that the district court explained clearly and adequately that it was imposing the prison sentences because LaRue's conduct had shown that he could not comply with supervised release conditions, a factor upon which the district court could permissibly rely in fashioning a revocation sentence.  *See Warren*, 720 F.3d 332-33 (5th Cir. 2013); *United States v. Rivera*, 797 F.3d 307, 308-09 (5th Cir. 2015); *United States v. Guemrany-Reyes*, 733 F. App'x 216, 217-18 (5th Cir. 2018).  Under these circumstances, we cannot conclude that LaRue's sentence was plainly unreasonable.  *See Warren*, 720 F.3d at 332-33.  Accordingly, the judgments of the district court are AFFIRMED.