# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2019

Lyle W. Cayce
Clerk

No. 19-10109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT KEITH KINSEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-251-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Robert Keith Kinsey challenges the 18-month above-range sentence that the district court imposed upon the revocation of his supervised release. Kinsey argues that his sentence is procedurally unreasonable because the district court initially pronounced a sentence that was at the bottom of the guidelines policy statement range, based on a misunderstanding of that range,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and, once advised of the correct range, impermissibly and inexplicably imposed the same sentence, which was then above the policy statement range.

Contrary to Kinsey's assertions, the district court explicitly considered the appropriate factors under 18 U.S.C. § 3553(a), including the proper advisory range of imprisonment. *See United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016); *United States v. Miller*, 634 F.3d 841, 843-44 (5th Cir. 2011); *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994). Further, the district court adequately explained the above-range sentence. *See United States v. Fraga*, 704 F.3d 432, 437-39 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009). Thus, Kinsey fails to show error, plain or otherwise. *See Winding*, 817 F.3d at 913.

AFFIRMED.