# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 19-50678
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR BANDA,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-191-1

————————

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oscar Banda appeals the statutory maximum 60-month prison sentence imposed on the revocation of a term of supervised release that was imposed in 2017 after two prior revocations. The sentence was above the advisory range of 4 to 10 months. The district court did not impose any additional term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50678

Banda argues that the sentence is unreasonable because the district court did not consider the applicable sentencing factors of 18 U.S.C. § 3553(a). He does not explain the particular relevance of any sentencing factor or explain how any factor should have been weighed in his favor. He asserts that a sentence of up to 10 months would have been just punishment for his admitted drug use, which was the result of his addiction, and which was the lowest class of violation, Grade C.

We review the sentence to determine whether it is "plainly unreasonable." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under that standard, we apply the abuse-of-discretion standard to review the substantive reasonableness of the sentence and consider whether any "error was obvious under existing law." *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (internal quotation marks and citation omitted).

"A district court may impose any sentence upon revocation of supervised release that falls within the statutory maximum term allowed for the revocation sentence, but must consider the factors enumerated in 18 U.S.C. § 3553(a) and the policy statements before doing so." *United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010); *see Miller*, 634 F.3d at 844. This court has "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted); *see Miller*, 634 F.3d at 842-44.

Here, neither the district court nor the parties mentioned any § 3553(a) factor at sentencing. However, the court recited Banda's 15-year history, starting with his 2005 conviction and including all of the revocations and modifications of his supervised release terms. The district court implicitly considered "the nature and circumstances of the offense and the history and characteristics of the defendant," under § 3553(a)(1), and it explicitly

2

No. 19-50678

considered "the sentencing range established . . . [by] the applicable guidelines or policy statements" under § 3553(a)(4)(B).  Accordingly the sentence is not plainly unreasonable and is **AFFIRMED**.