# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2020

Lyle W. Cayce
Clerk

No. 19-51151
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL MARQUEZ FRANCO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-124-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Manuel Marquez Franco challenges his 24-month, statutory-maximum sentence imposed following the revocation of his supervised release. In sentencing Franco, the district court upwardly departed from the applicable Guidelines range. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51151

We review a revocation sentence under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). First, we consider whether the district court committed any "significant procedural error, such as . . . failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (internal quotation marks and citation omitted). Next, if there is no procedural error, we consider whether the sentence is substantively reasonable, reviewing for abuse of discretion. *Id.* If the district court made a procedural or substantive error, we must determine "whether the error was obvious under existing law." *Id.* (internal quotation marks and citation omitted).

Franco contends the district court procedurally erred by failing to adequately explain its reasons for sentencing him above the Guidelines range. Because Franco did not raise this contention in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). There is none. The record shows that after listening to Franco's arguments for a lesser sentence, the district court identified several reasons for imposing the 24-month sentence: Franco's repeated noncompliance with the terms of his supervision, his likelihood to reoffend, and the need to deter his criminal conduct. The district court's explanation was adequate. *See United States v. Fraga*, 704 F.3d 432, 438–39 (5th Cir. 2013); 18 U.S.C. § 3353(a)(1) & (2)(B)–(C).

Next, Franco contends that the district court substantively erred by improperly basing Franco's sentence upon its disapproval of Franco's domestic relationship and by failing to adequately consider Franco's history and characteristics. But nothing in the record indicates that the district court afforded Franco's relationship any, much less significant, weight. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). And to the extent that Franco disagrees with the district court's decision not to afford more weight

No. 19-51151

to certain factors, including the nature of his violation and the fact that his term of supervised release was nearly over when the petition for revocation was filed, Franco essentially requests that we reweigh the § 3553(a) factors, which we decline to do.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

For the foregoing reasons, the district court's judgment of sentence is AFFIRMED.