# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2020

Lyle W. Cayce
Clerk

No. 19-11366
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON ALFRED MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-192-3

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Jason Alfred Martinez appeals the 12-month sentence imposed following the revocation of his supervised release. He contends that the district court's upward variance amounted to a clear error of judgment in balancing the sentencing factors because it failed to give adequate weight to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the fact that Martinez primarily complied with his supervised release conditions prior to his mother's death, which affected him significantly.

We review a revocation sentence to determine whether it is "plainly unreasonable." *See United States v. Miller*, 634 F.3d 841, 842-43 (5th Cir. 2011). Martinez must show that the sentence was not only an abuse of discretion but also that "the error was obvious under existing law." *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (internal quotation marks and citation omitted). A revocation sentence is substantively unreasonable where the district court did not account for a sentencing factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

At the revocation hearing, the district court considered the policy-statement range, stated that the sentence was based on the need for deterrence and to address the violation conduct, and, as Martinez admits, directly addressed his mitigation argument. In light of Martinez's multiple violations of his supervised release conditions, it found that a sentence two-months above the advisory range was necessary. Martinez fails to show that the district court made a clear error in judgment when balancing the sentencing factors. *See Warren*, 720 F.3d at 332; *Miller*, 634 F.3d at 843.

AFFIRMED.