# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2021

Lyle W. Cayce
Clerk

No. 21-60250
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MACKEE DONELL JEFFERSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-205-1

Before KING, COSTA, and HO, *Circuit Judges*

PER CURIAM:*

Mackee Donell Jefferson began a term of supervised release on August 6, 2020. On January 22, 2021, the probation officer filed a petition for an arrest warrant, asserting that Jefferson had violated the terms of his supervised release by unlawfully using a controlled substance and by

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

committing another federal, state, or local crime. The petition stemmed from Jefferson's arrest on December 20, 2020, for driving under the influence, possessing a controlled substance with intent to distribute, and possessing a felony amount of marijuana. Following a revocation hearing, the district court found that Jefferson had committed all the violations alleged, revoked his supervised release, and sentenced him within the advisory range to 24 months of imprisonment and 12 months of supervised release.

On appeal, Jefferson does not challenge the revocation of his supervised release, but only the length of his revocation sentence. He argues that the evidence was insufficient to support the district court's finding that he committed new crimes. He does not dispute that he unlawfully used a controlled substance.

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that he has violated a condition of his release. *See United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010); 18 U.S.C. § 3583(e)(3). All that is required "is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions" of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995) (internal quotation marks and citation omitted). The district court's application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016).

In considering Jefferson's challenge to the sufficiency of the evidence, this court "must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (citation omitted). The district court is "free to choose among reasonable constructions of the evidence." *Id.* (citation omitted). The evidence is

sufficient if a reasonable trier of fact could reach the conclusion being challenged. *Id.*

In concluding that Jefferson violated his supervised release by committing new crimes, the district court expressly credited the testimony of Ridgeland, Mississippi Police Officer Michael Hutton, who investigated the incident, administered field sobriety tests, discovered suspected drugs and items indicative of distribution in Jefferson's pocket and vehicle, and later confirmed through field testing that those substances were marijuana, ecstasy, and methamphetamine. The evidence also includes Jefferson's admission to his probation officer after his arrest that officers had recovered marijuana and ecstasy from his vehicle the night before.

Based on the foregoing, the district court did not err in concluding that the evidence established by a preponderance that Jefferson violated the terms of his supervised release by driving under the influence, possessing a controlled substance with intent to distribute, and possessing a felony amount of marijuana. *See Alaniz-Alaniz*, 38 F.3d at 792. Jefferson's arguments to the contrary regarding the chain of custody and hearsay do not alter this conclusion.

AFFIRMED.