# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2022

Lyle W. Cayce
Clerk

No. 22-60084
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Kaleb Graham,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CR-139-5

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Kaleb Graham pleaded guilty in 2019 to possession of a stolen firearm and was sentenced to three-years' probation. A petition for warrant filed in November 2021 alleged Graham violated the terms of his probation. The court ultimately revoked Graham's probation and sentenced him to 60-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60084

months' imprisonment, which was above the advisory Sentencing Guidelines range of eight-to-14-months, but below the statutory maximum of 120-months.

Graham challenges only his revocation sentence, contending:  the court procedurally erred by failing to adequately consider the 18 U.S.C. § 3553(a) sentencing factors; and his sentence is substantively unreasonable due to the upward variance.

The "plainly unreasonable" standard governs our court's review of probation-revocation sentences. *United States v. Kippers*, 685 F.3d 491, 496–97 (5th Cir. 2012) (applying "plainly unreasonable" standard to probation-revocation sentences).  Our court first considers whether the district court committed any "significant procedural error".  *Id.*  at 497 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007) (reviewing original sentence)).  If no such procedural error exists, a properly preserved objection is reviewed for substantive-reasonableness. *Id.*

As Graham concedes, his contention the court procedurally erred, however, was not preserved in district court.  An issue raised for the first time on appeal is reviewed only for plain error.  *Id.* Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to a reasonable dispute) affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The same district judge who imposed Graham's original sentence of probation imposed the revocation sentence being contested.  In any event, because "[i]mplicit consideration of the § 3553 factors is sufficient", the court's statements at Graham's revocation hearing regarding his criminal

2

history, age, and conduct demonstrate it implicitly, but sufficiently, considered the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). Accordingly, there was no clear-or-obvious procedural error. *E.g.*, *Kippers*, 685 F.3d at 498–99.

On the other hand, because Graham preserved his substantive-reasonableness claim by requesting a lesser sentence, our review is for abuse-of-discretion. *E.g.*, *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020); *Kippers*, 685 F.3d at 499–500. A revocation sentence "is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Winding*, 817 F.3d 910, 914 (5th Cir. 2016) (citation omitted).

Graham contends the court erred in balancing the sentencing factors, but this reflects nothing more than disagreement with the court's determination. Even if a revocation sentence is above the advisory range, our court "give[s] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance". *Kippers*, 685 F.3d at 500. (citation omitted). Moreover, our court has affirmed revocation sentences that exceeded the advisory sentencing range but not the statutory maximum. *Id.* at 500. Graham fails to show the court abused its discretion by imposing the 60-months'-sentence. *See id.* at 500–01.

AFFIRMED.