# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2026

Lyle W. Cayce
Clerk

No. 24-30803

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODRICK JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-168-4

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

This case is before us on remand from the Supreme Court. We previously affirmed the district court's decision sentencing Appellant Rodrick Johnson to 24 months of imprisonment and three years of supervised release imposed following the revocation of his supervised release. In

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30803

accordance with *Rico v. United States*, 607 U.S. ___, 146 S. Ct .947 (2026), we AFFIRM.

I

In 2016, Rodrick Johnson pleaded guilty to two drug-related offenses. The district court imposed a 57-month prison sentence followed by three years of supervised release. Johnson was required to reside at a residential reentry center (RRC) for a period of up to six months upon his release from custody; however, Johnson failed to report to the RRC following his release from imprisonment in August 2020. Because he violated a supervised release condition, an arrest warrant was issued on August 26, 2020. Johnson was arrested in February 2024, approximately six months after his term of supervised release was scheduled to end in August 2023.

The government moved to revoke Johnson's supervised release. Following a detention hearing, Johnson was released on bond with the special condition to report to a short-term RRC and receive approval from the United States Probation Office for any subsequent residence. Upon release from the short-term RRC in March 2024, Johnson was ordered to report to a long-term RRC; however, Johnson failed to do so. Another warrant for his arrest was issued in June 2024, and Johnson was arrested in October of 2024. At the revocation hearing, the district court recounted Johnson's various criminal offenses and history of non-compliance with terms of supervised release. The district court noted that Johnson had demonstrated an inability to comply with court-mandated supervision. Considering both Johnson's August 2020 abscondment from supervision and March 2024 failure to comply with his bond conditions, the district court revoked Johnson's term of supervised release and sentenced him to an additional 24 months' imprisonment followed by three years of supervised release.

No. 24-30803

## II

We first considered this case in August 2025. *United States v. Johnson*, No. 24-30803, 2025 WL 2375238 (5th Cir. Aug. 15, 2025) (per curiam) ("*Johnson I*"). Relying on since-vacated precedent, we found that the district court had jurisdiction to preside over Johnson's revocation hearing because Johnson's initial supervised release violation—when he absconded from supervision in August 2020—had tolled his term of supervision. *Johnson I*, 2025 WL 2375238, at *1 (citing *United States v. Swick*, 137 F.4th 336, 340–44 (5th Cir. 2025), *vacated*, No. 25-5376, 2026 WL 922552 (U.S. Apr. 6, 2026)). In March 2026, however, the Supreme Court assessed the fugitive tolling doctrine in *Rico v. United States*, 146 S. Ct. The Supreme Court then vacated our decision in *Johnson I* and remanded it for further proceedings in light of *Rico*.[1] *Johnson v. United States*, No. 25-6134, 2026 WL 922548, at *1 (U.S. Apr. 6, 2026). We again hold that the district court had jurisdiction to revoke Johnson's term of supervised release.

## III

Johnson argues in supplemental briefing that the district court exceeded its jurisdiction because it improperly considered the post-supervised release abscondment when determining the sentence. We find, however, that the district court had jurisdiction to preside over the revocation hearing because the August 2020 violation provided jurisdiction under *Rico*. We, therefore, disturb the district court's sentence only if it was "plainly unreasonable." *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

---

[1] On the same day it vacated and remanded *Johnson I*, the Supreme Court also vacated and remanded our court's decision in *Swick*, with instructions to write an opinion consistent with *Rico*. *Swick*, 2026 WL 922552, at *1.

No. 24-30803

In August 2020, Johnson failed to report for mental health treatment pursuant to the terms of his supervised release. Although Johnson was not arrested until February 2024, after his term of supervised release had ended, an arrest warrant was issued in August 2020, squarely within his supervised release period. The *Rico* court explicitly stated that a court, by statute, retains jurisdiction to revoke supervised release in certain cases: "a court's power to revoke supervised release 'extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such violation.'" *Rico*, 146 S. Ct. at 953–54 (quoting 18 U.S.C. § 3583(i)). Thus, the district court retained jurisdiction to revoke Johnson's supervised release although his eventual arrest and return to prison occurred after the term of supervision had ended. *See id.* Johnson's argument that the district court also considered the March 2024 failure to comply with his bond conditions—which occurred after the period of supervised release ended—does not indicate why the district court lacked jurisdiction to preside over his revocation hearing when the court had another jurisdictional hook.

Because the district court had jurisdiction to preside over Johnson's revocation hearing, we next consider whether the revocation sentence was "plainly unreasonable," a two-step inquiry. *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). We first evaluate "whether the district court committed 'significant procedural error, such as failing to consider the applicable factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *Sanchez*, 900 F.3d at 682 (quoting *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016)). "At the second step, however, we vacate the sentence only if the identified error is 'obvious under existing law,' such that the sentence is not just

4

unreasonable but *plainly* unreasonable." *Sanchez*, 900 F.3d at 682 (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)).

Assuming arguendo that the district court relied on "clearly erroneous facts" when it considered in its reasons for sentencing Johnson's post-supervised release failure to report to the RRC, such error was not a plain error because it was not obvious under then-existing law. *Miller*, 634 F.3d at 844. At the time the district court issued Johnson's sentence, the law regarding tolling of supervised release for abscondment was not yet settled. *See Swick*, 137 F.4th at 340 (noting that our court had not yet decided whether the fugitive tolling doctrine applies in the supervised release context); *Rico*, 146 S. Ct. 953–54 (clarifying tolling issue).

Regarding Johnson's other issue on appeal, whether the district court imposed a substantively unreasonable revocation sentence due to reliance on an improper sentencing factor, we maintain the same holding as in *Johnson I*. For the reasons provided in *Johnson I*, we again hold that "the district court did not abuse its discretion or impose a substantively unreasonable revocation sentence." *Johnson I*, 2025 WL 2375238, at *1; (citing *United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013)).

## IV

For the foregoing reasons, we AFFIRM.